IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TINA D. DUNLAP                                                                                           PLAINTIFF

V.                                              NO. 14-3022

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Tina D. Dunlap, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on January 26, 2012, alleging an inability to work since October 18, 2011, due to high blood pressure, diabetes, heart problems, knee problem, thyroid problems, migraine headaches, and acid reflux. (Tr. 150-164, 235, 239). An administrative hearing was held on March 26, 2013, at which Plaintiff appeared with counsel, and she and her friend testified. (Tr. 25-75).

By written decision dated April 11, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – diabetes mellitus, hypertension, disorder of the right knee, and degenerative changes in the

right hip and at L5-S1 of the lumbar spine. (Tr. 12).  However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she must avoid concentrated exposure to dangerous machinery or unprotected heights.

(Tr. 13).  With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would be unable to perform her past relevant work, but would be able to perform other jobs, such as housekeeper and machine tender. (Tr. 18-19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on February 5, 2014. (Tr. 1-4).  Subsequently, Plaintiff filed this action. (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 13).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  <u>Ramirez v. Barnhart</u>, 292 F. 3d 576, 583 (8th Cir. 2002).   Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  <u>Edwards</u>

2

v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able

to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC. See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III.   Discussion:**

Plaintiff argues that there was no consultative physical examination nor was there an opinion given from treating physicians as to Plaintiff's physical capacity for work. Therefore, she argues that there is no support for the ALJ's RFC conclusion. As was the case in Barrows v. Colvin, No. 13-4087, 2015 WL 1510159 at *9 (N.D. IA. Mar. 31, 2015), the key issue on whether the Commissioner met her burden at the fifth step of the analysis in this case is the Commissioner's proof on the first requirement, the Plaintiff's RFC.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also]

4

required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

In the case now before the Court, the Physical RFC Assessment contained in the record is dated April 9, 2012, and was completed by Lisa Spratt, SDM (single decision maker). (Tr. 80). Had this assessment been completed by a physician rather than a single decision maker, the Court might have decided the case differently. However, a single decision maker's opinion is not an acceptable medical source entitled to the same consideration as medical consultants under the Social Security regulations. Liffick v. Colvin, No. 2:14-CV-10 NAB, 2014 WL 5782999 at n. 2 (E.D. Mo. Nov. 6, 2014). A review of the entire record in this case reveals very limited evidence, medical and non-medical, of Plaintiff's physical abilities to function in the workplace. Accordingly, the Court is of the opinion that there is not substantial evidence in the record to support the ALJ's determination that Plaintiff has the RFC to perform light work with certain limitations.

The Court hereby remands this matter to the Commissioner to obtain a consultative examination regarding Plaintiff's physical impairments and render a new RFC.

**IV.    Conclusion:**

Having carefully reviewed the record, the undersigned finds there is not substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and therefore, the case

should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 3rd day of June, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE